## CIRCUIT COURT OF THE CITY OF ROANOKE

Rhonda H. Puckett

v.

Federated Mutual Ins. Co. et al.

April 8, 1998

Case No. CH97000599

BY JUDGE CLIFFORD R. WECKSTEIN

In *Trisvan v. Agway Ins. Co.*, 254 Va. 416, 492 S.E.2d 628 (1997), the Supreme Court of Virginia "construe[d] Code § 38.2-2206 to determine whether, in a single vehicle accident, the uninsured/underinsured motorist (UM/UIM) endorsement of a tortfeasor's automobile liability insurance policy is to be considered when determining the extent to which the tortfeasor's motor vehicle is underinsured." *Id.*, 254 Va. at 417.

For reasons explained in its opinion, the Court held "that in applying § 38.2-2206(B), a passenger injured in a single vehicle accident is not entitled to include the UM/UIM coverage contained in the tortfeasor's automobile liability policy when determining the extent to which the tortfeasor's vehicle was underinsured." *Id.* at 420.

The plaintiff in this declaratory judgment suit (filed before *Trisvan* was decided) was, like the plaintiff in *Trisvan*, a passenger injured in a single car incident. She argues that the language of an insurance policy mandates the conclusion that, notwithstanding the Supreme Court's construction of § 38.2-2206(B), *this* passenger, injured in *this* single vehicle accident, *is* entitled to include the UM/UIM coverage contained in the tortfeasor's automobile liability policy when determining the extent to which the tortfeasor's vehicle was underinsured.

Both the plaintiff and the UM/UIM carrier, Federated Mutual Insurance Company, have moved for summary judgment. They agree that there are no material facts in controversy; that all necessary material facts are before the court; and that the matter is ripe for decision.

There is no material distinction between the facts of this case and the facts of *Trisvan v. Agway*. These are the facts of this case.

On May 22, 1996, plaintiff Rhonda H. Puckett, was a passenger in a car driven by Delores Chamblin and owned by Thomas Wiley. (The plaintiff is a daughter of Ms. Chamblin, who is a daughter of Mr. Wiley.) The car left the road and struck a fence. Ms. Puckett was injured. For present purposes, all parties agree that Ms. Chamblin was legally responsible for the plaintiff's injuries and that the damages exceed $200,000.00.

The tortfeasor was covered by Mr. Wiley's insurance policy, issued by Nationwide Mutual Automobile Insurance Company. Nationwide's policy limits were $100,000.00 per person in bodily injury liability coverage and $100,000.00 per person in UM/UIM coverage. Nationwide has paid its liability limits.

The plaintiff, at the time of her injuries, lived in the home of her father, who had a family automobile insurance policy issued by Federated. That policy provides $100,000.00 in UM/UIM coverage; Ms. Puckett is entitled to any protection or coverage that policy provides. She asks the court to hold that under the language of the Federated policy, she is entitled to "stack" Federated's UM/UIM coverage on Nationwide's UM/UIM coverage, increasing the total protection available to her to $200,000.00. She "asserts that, in construing this [policy] … even in a single car accident, the driver's UM/UIM coverage [must] be stacked onto other UM/UIM coverage." *Trisvan*, at 419.

In *Trisvan*, these were the facts:

> On April 9, 1994, Bernard J. Trisvan, Jr., was a passenger in a car driven by Marcus Wilson Smith. The car overturned, and Trisvan suffered injuries resulting in damages exceeding $125,000.00. Smith's vehicle was insured by Integon Indemnity Corporation (Integon), with policy limits of $25,000.00 per person for bodily injury liability and $25,000.00 per person UM/UIM coverage. Trisvan was insured under a family automobile policy issued to his father by Agway Insurance Company (Agway) with a limit of $100,000.00 for UM/UIM coverage.
>
> Trisvan filed a personal injury action against Smith and served Agway as his underinsurance carrier. In settlement of the personal

injury action, Integon paid Trisvan the $25,000.00 liability limit under Smith's policy. Agway then tendered Trisvan $75,000.00 and filed a declaratory judgment action seeking a ruling that $75,000.00 was the total amount it owed Trisvan under Trisvan's UM/UIM policy. Trisvan, in his grounds of defense and counterclaim, asserted that the total amount of available UM/UIM coverage was $125,000.00, and therefore, Agway was liable for $100,000.00 rather than $75,000.00. The trial court, on cross motions for summary judgment, concluded that Smith's vehicle was underinsured by $75,000.00 not $100,000.00 and that Trisvan was therefore only entitled to $75,000.00 from Agway.

*Trisvan* at 418. The Supreme Court affirmed the trial court's decision.

The record in this case contains a copy of the Federated policy and a copy of the relevant insurance policy from the *Trisvan* record. The applicable language of the two policies is virtually and functionally identical.

Ms. Puckett concedes that *Trisvan* precludes her from arguing that Virginia's statutory UM/UIM scheme obligates Federated to provide coverage to her. In *Trisvan*, she notes, the plaintiff based his arguments squarely and solely on the Code of Virginia; the parties specifically eschewed reliance on policy language; and the Supreme Court explicitly held that it was "not concerned with construing the terms of an insurance policy to determine whether an applicant is entitled to recovery." *Id.* at 481. She asserts that the Supreme Court in *Trisvan* was not presented with the strongest possible argument. Whatever the Supreme Court's views about the governing statutes, the plaintiff implicitly argues, the Court, when presented with an argument based on policy language, would in this case reach an opposite result from that it announced in *Trisvan*, despite the factual congruence between this case and *Trisvan*.

This court will enter summary judgment in favor of Federated. In my view, *Trisvan* is binding precedent; the doctrine of *stare decisis* compels a decision in Federated's favor.

The doctrine of *stare decisis* applies when the facts of a case are not materially distinguishable from those presented in an earlier decision of a governing court and the issue or point to be decided is not fundamentally different. *Almond v. Gilmer*, 188 Va. 1, 14, 49 S.E.2d 431 (1948); *cf. Nationwide Mut. Ins. Co. v. Hill,* 247 Va. 78, 80, 439 S.E.2d 335 (1994).

In Virginia, the doctrine of stare decisis is more than a mere cliche. That doctrine plays a significant role in the orderly administration of

justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake.

*Selected Risks Ins. Co. v. Dean*, 233 Va. 260, 265, 355 S.E.2d 579 (1987).

There is no material distinction between the facts of this case and the facts of *Trisvan*. The "issue or point decided" in *Trisvan* was that "a passenger injured in a single vehicle accident is not entitled to include the UM/UIM coverage contained in the tortfeasor's automobile liability policy when determining the extent to which the tortfeasor's vehicle was underinsured." *Trisvan* at 420. The precise question that the plaintiff poses in this case is identical, i.e., whether a passenger injured in a single vehicle accident is entitled to include the UM/UIM coverage contained in the tortfeasor's automobile liability policy when determining the extent to which the tortfeasor's vehicle was underinsured. The distinction between this case and *Trisvan*, plaintiff asserts, is that *she* concentrates on the language of the policy (language that is virtually identical to the policy in *Trisvan*), while the focus in *Trisvan* was on the language of a statute. The plaintiff in effect argues that she should prevail in this case because she makes different, and better, arguments than those presented to the Supreme Court in *Trisvan*. If, indeed, the decision is to be made that because of arguments not presented to the Supreme Court on an earlier decision, a *different* conclusion of law is to be reached on the *same* material facts, that decision must, in an ordered system of justice based on common law principles, be made by the Supreme Court, and not by a trial judge.

Accordingly, this court will grant defendant Federated's motion for summary judgment and deny the plaintiff's motion for summary judgment.